LILLIAN J. SULLIVAN *vs.* WALTER S. REYNOLDS, Clerk of Superior Court.

JULY 5, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Mandamus. Executions.*

The issuing of a writ of *mandamus* is discretionary and where a clerk of a court is uncertain as to the legal right of a party to have an execution and refuses to issue it, the better practice is first to apply to the court from which the execution issues to direct its officer, before applying in an Appellate Court for *mandamus*, and while in an ordinary case a petition for *mandamus* would be refused before such preliminary application had been made and refused, this will not be required where it appears that it would serve no purpose to require the petitioner to make such formal motion.

(2) *Executions.*

Under Gen. Laws, 1909, cap. 326, § 23, "Neither the commitment of the prisoner nor his discharge shall be a satisfaction of the debt for which he was committed. If committed on execution the plaintiff may take out another execution which shall not, however, run against the body of the defendant," where a judgment debtor is committed for want of goods, etc., to

satisfy the execution, the judgment creditor is entitled during such commitment to another execution to run against the goods, chattels and real estate of the defendant.

*(3) Executions.*

The fact that the provision of Gen. Laws, 1909, cap. 326, § 23, relative to the issuance of an alias execution to a judgment creditor during the continuance of the commitment of the judgment debtor, is found in the chapter "Of the relief of poor debtors," does not restrict its construction, since the language is general and warrants a general application.

MANDAMUS.　Relief granted.

SWEETLAND, J.　This is a petition for a writ of *mandamus* to compel the respondent as clerk of the Superior Court for the counties of Providence and Bristol to issue to the petitioner an alias execution in the case of *Lillian J. Sullivan* v. *Mary Sullivan,* in which case the petitioner is the plaintiff.

Said action was one of trespass on the case for the alienation of the affections of the plaintiff's husband.　The judgment in said case in favor of the plaintiff and the original execution were partly satisfied by levy upon and sale of the real estate of the defendant.　For want of goods, chattels or real estate to fully satisfy said judgment and execution the defendant was committed on said execution to the Providence County Jail where she is still held in custody

The plaintiff now seeks another execution on said judgment, not to run against the body of the defendant, in accordance with what she claims is a provision of Section 23, Chapter 326, General Laws, 1909.

The petition alleges that the respondent has refused to issue said other execution.　The respondent contends, among other things, that the petitioner should not have the relief which she seeks here for the reason that before invoking the aid of this court she has not made application to the Superior Court to order, the respondent as clerk of said court to issue such execution.

An execution is the process of the court from which it is issued.　Such court can direct its issuance and control proceedings under it; but the clerk of the court is the officer

charged with the duty of issuing such execution according to law and if the clerk wrongfully refuses so to do *mandamus* may lie against him. The issuing of a writ of *mandamus* is discretionary. If the clerk of a court is uncertain as to the legal right of a party to have an execution, and refuses to issue such execution to him, we think the better practice would be first to apply to that court to direct its officer before coming here upon a petition for *mandamus*. In the ordinary case we should be inclined to refuse *mandamus* before such preliminary application had been made and refused. In this case however an examination of the record of proceedings before the Superior Court and the return of the respondent shows that it would serve no useful purpose to require the petitioner, before coming here, to make a formal motion before the Superior Court asking that court to direct the respondent to issue said execution.

In the suit in equity entitled *Lillian Sullivan* v. *Mary Sullivan et al.*, now pending in the Superior Court, which proceeding in equity is allied to this suit at law, the right of the petitioner to have the execution in question was passed upon by a justice of the Superior Court. The particular provision of the statute upon which the petitioner bases her claim is contained in Section 23, Chapter 326, General Laws, 1909, a portion of which section is as follows: "Sec. 23. The person to whom the debt appears, by the process, to belong at the time complaint is made, shall be deemed the creditor within the meaning of the provisions of this chapter. Neither the commitment of the prisoner, nor his discharge, shall be a satisfaction of the debt for which he was committed. If committed on execution, the plaintiff may take out another execution, which shall not, however, run against the body of the defendant."

In passing upon the right of the petitioner to have the alias execution which she seeks, said justice of the Superior Court in his rescript spoke as follows: "The common law is that while a defendant is being imprisoned upon execution, such imprisonment acts as a satisfaction, for the time being,

of the judgment, so as to prevent the taking of any further proceeding to collect the judgment. We doubt if the common law is changed by Section 23 of Chapter 326 of the General Laws of 1909. All that section seems to us to mean is that a discharge or an imprisonment upon execution cannot be taken to be a full and final satisfaction. The words 'if committed on execution, the plaintiff may take out another execution' do not seem to us to mean in the context that another execution can be taken out while the plaintiff is actually committed on the prior execution; but merely that, if there has been a discharge or a commitment has ceased for any reason, the plaintiff may have an execution against the property, but not the body."

The return of the respondent clearly shows that his refusal to issue another execution, as requested by the petitioner, is based upon this decision of said justice, quoted above; and in his return the respondent admits that said justice refused to entertain or consider any proceeding to compel the respondent to issue such execution.

(2) We do not agree with said justice in his construction of the statutory provision in question. Section 23 appears to us to show the intent of the legislature to modify the common law and explicitly provides that the commitment of a judgment debtor to jail on execution shall not be considered as a satisfaction of the judgment debt; if he is so committed, not only after the termination of such commitment, but also during its continuance, the judgment creditor shall be entitled to another execution which shall run only against the goods, chattels and real estate of the judgment debtor. The provision, as we have construed it, though contrary to the common law, might well be considered by the general assembly as a desirable one and one that would assist in rendering the property of a debtor available for the payment of his debts. Cases may arise in which, after commitment of the debtor, property is acquired by him or property previously concealed by him is brought to the knowledge of the creditor. In such cases it may be desirable that the

creditor should be permitted to levy upon such property. If sufficient to satisfy the judgment debt such satisfaction will work the discharge of the debtor from jail. If insufficient to satisfy the debt the debtor still remains in custody until discharged by the creditor or otherwise by law. It is within the power of the general assembly to make such provision; and from the language in question the plain intent to do so is apparent to us. It is true that the provision in question is contained in the chapter "Of the Relief of Poor (3) Debtors;" but there is nothing in the context which should restrict its construction. The language is general and we see no reason for refusing to give it a general application.

We are of the opinion that the petitioner was entitled to the execution which she sought. The petitioner is awarded a peremptory writ of *mandamus* commanding the respondent, as said clerk, to issue the execution named in the petition and referred to in the alternative writ of *mandamus* heretofore issued in this proceeding.

*Easton, Williams & Rosenfeld,* for petitioner.
*Charles R. Easton,* of counsel.
*Joseph C. Cawley,* for respondent.